Matter of Long v Russ (2022 NY Slip Op 06169)

Matter of Long v Russ

2022 NY Slip Op 06169

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 450461/20 Appeal No. 16594 Case No. 2022-00677 

[*1]In the Matter of Danielle Long, Petitioner,
v
Gregory Russ as Commissioner of the New York City Housing Authority, Respondent.

Neighborhood Defender Service of Harlem, New York (Christopher Helwig of counsel), for petitioner.
Lisa Bova-Hiatt, New York City Housing Authority, New York (Seth E. Kramer of counsel), respondent.

Determination of respondent New York City Housing Authority (NYCHA), dated October 1, 2019, which, after a hearing, terminated petitioner's tenancy on grounds of nondesirability, chronic delinquency in payment of rent, and nonverifiable income, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A Rakower, J.], entered August 27, 2020), dismissed, without costs.
The termination of petitioner's tenancy is supported by substantial evidence (see CPLR § 7803 [4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 179-182 [1978]). Despite the testimony of petitioner and her daughter to the contrary, the evidence presented established that petitioner's son was residing at the apartment at the time of his arrest for drug-related activity and weapon possession, which occurred in close proximity to the apartment, and that he had not been permanently vacated at the time of the hearing. NYCHA's finding of chronic delinquency in payment of rent and nonverifiable income was supported by the evidence of petitioner's consistent pattern of untimely payment of rent and over 11 months of rent arrears, and her failure to submit an Occupant's Affidavit of Income since 2011, despite NYCHA's attempts to accommodate her by hand-delivering the recertification packages to her apartment and sending a social services worker to assist her in filling out the affidavits. In view of the Hearing Officer's consideration of these accommodations by NYCHA, and petitioner's testimony of her claimed mental disability, the denial of petitioner's request for reasonable accommodations to cure her deficiencies was not arbitrary and capricious.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022